20-867
Feng v. Garland

BIA
Straus, IJ
A200 165 371

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

XIAO MING FENG,
> *Petitioner,*

> v.                                                 **20-867**
>                                                    **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          H. Danny Kao, Kao & Associates PC, Flushing, NY.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director;

Andrew N. O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Ming Feng, a native and citizen of the People's Republic of China, seeks review of a February 12, 2020 decision of the BIA affirming an April 9, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Ming Feng*, No. A200 165 371 (B.I.A. Feb. 12, 2020), *aff'g* No. A200 165 371 (Immig. Ct. Hartford Apr. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008) (reviewing factual findings for substantial evidence and questions of

2

law de novo).  Because Feng does not challenge the agency's denial of relief insofar as his claims were based on his resistance to the family planning policy, we address only the agency's determination that he failed to establish a well-founded fear of persecution on account of his practice of Christianity in the United States.  *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

Absent past persecution, an alien may establish asylum eligibility by demonstrating a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  To do so, an applicant must show either a reasonable possibility that he will be "singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting "similarly situated" individuals.  8 C.F.R. § 1208.13(b)(2)(iii).  When an applicant's claim is based on activities in the United States, the applicant "must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."  *Hongsheng Leng*, 528 F.3d at 143.

Feng did not assert that Chinese officials are aware of his religious practice.  Furthermore, the agency was not

compelled to conclude that there is a reasonable possibility that Chinese officials will become aware of his religious practice based solely on his church attendance and his single interaction with family planning officials a decade ago, particularly given that the country conditions evidence in the record reflects that tens of millions of Christians practice their religion in nongovernmental churches in China. *See Hongsheng Leng*, 528 F.3d at 143. The agency also did not err in determining that Feng failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution given that restrictions on the religious practice of the millions of Christians in China varies by region. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii).

Accordingly, the agency reasonably concluded that Feng failed to establish a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(2). That finding was dispositive of asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010) (an applicant who fails to show sufficient risk of harm for asylum "necessarily fails" to meet the higher burdens for

4

withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court